UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Bankruptcy No. 10-30902 |
| Thomas M. Grabanski and<br>Mari K. Grabanski, | Chapter 11 |
| Debtors.<br>_____/ | |

**MEMORANDUM AND ORDER ON
MOTION FOR RELIEF AND SANCTIONS**

Debtors filed a "Motion for Relief and Sanctions" pursuant to 11 U.S.C. § 362(k). Their motion seeks relief for an alleged violation of the automatic stay by Kip M. Kaler, the Chapter 7 trustee assigned to the case of Keeley and Grabanski Land Partnership (Bankruptcy No. 10-31482). Kaler filed an objection to Debtors' motion.

### I.   FACTUAL BACKGROUND

Debtors Thomas M. Grabanski and Mari K. Grabanski filed for relief under Chapter 11 of the Bankruptcy Code on July 22, 2010.[1] Keeley and Grabanski Land Partnership ("KGLP") entered Chapter 11 bankruptcy by way of involuntary petition on December 6, 2010. The Court entered an order for relief on January 7, 2011. On April 1, 2011, the Court granted a motion to appoint an operating trustee. The Court appointed Kip M. Kaler as the operating trustee of KGLP on April 5, 2011, based upon the recommendation of the United States Trustee.

---

[1] A full discussion of the facts of this case and the related KGLP case are discussed in ECF Docket No. 572 (Memorandum and Order dated April 12, 2013). That discussion provides full context for this dispute.

KGLP filed its bankruptcy schedules on September 23, 2011. Included on Schedule A, KGLP listed fee simple ownership of real property located in Lamar County, Texas. Throughout KGLP's case, this property has been referred to as the Unruh Parcel. By way of a farm lease dated December 1, 2010, the Unruh Parcel was leased to Louie Slominski.

Kaler filed an adversary proceeding on August 26, 2011, on behalf of KGLP, seeking to avoid the lease to Slominski as either a fraudulent transfer or an unauthorized post-petition transfer of property of the estate.[2] The Court granted Kaler's Motion to Convert the KGLP case from Chapter 11 to Chapter 7 on October 11, 2011. Kaler remained the trustee.

The Court held a trial in the adversary proceeding in Fargo, North Dakota, on January 24–26, 2012. The Court took the matter under advisement. On February 7, 2012, Kaler filed a motion for sale of the Unruh Parcel. The Court granted Kaler's motion on March 2, 2012. As a result, Kaler, at some point, sold the Unruh Parcel. On March 7, 2012, the Court ordered that the lease to Slominski would be set aside as a fraudulent transfer and that KGLP's estate was entitled to recover possession of the Unruh Parcel immediately.

---

[2] Any reference to the Court prior to September 15, 2011, relates to proceedings overseen by the Honorable William A. Hill. The undersigned assumed duties in this case at that time.

In their "Motion for Relief and Sanctions," filed February 7, 2012, Debtors allege Kaler willfully violated the automatic stay by seeking to evict them from the Unruh Property. They argue the alleged violation was willful because Kaler, as the trustee for KGLP, knew Debtors were involved in bankruptcy proceedings but continued to pursue the Grabanskis' eviction without relief from the stay. As a result, Debtors sought (1) an order from the Court enjoining Kaler from proceeding with an eviction against Debtors pending the Court's ruling in the adversary proceeding against Slominski; and (2) attorney's fees and costs incurred in bringing the motion.

Debtors requested the Motion to be heard on an expedited basis. The Court heard the matter telephonically the next day, February 8, 2012, along with other matters already scheduled in this case. The Court indicated it would not be inclined to enjoin the eviction. The Court noted it had addressed the need to vacate in other proceedings. However, the Court noted it would decide the damages/sanctions issue after Kaler had a chance to respond to the expedited motion.

Kaler opposed Debtors' motion a few days later. He argues Debtors are prohibited from suing him in his capacity as the trustee for KGLP because they did not obtain permission from the Court before filing their motion. Additionally,

3

Kaler argues that Debtors have submitted no affidavits or other evidence in support of their motion and that Debtors, in their bankruptcy petitions, claimed no interest in real property in Texas. Rather, Debtors indicated that their residence and homestead is in Grafton, North Dakota. Kaler also asserts that the eviction action was solely against Slominski—the leaseholder—and not Debtors—"tenants" of Slominski.

## II.  CONCLUSIONS OF LAW

Debtors sought relief in the form of an injunction prohibiting Kaler from proceeding with an eviction against Debtors pending the Court's ruling in the Slominski adversary proceeding. The Court was unable to grant such relief to Debtors on the expedited basis they requested. Slominski's lease has been avoided and the Unruh Parcel has been sold. Therefore, to the extent the issue was not completely determined at the expedited hearing, the Court finds this issue is moot. See PFS Dist. Co. v. Raduechel, 574 F.3d 580, 599–600 (8th Cir. 2009) (finding a case is moot when it no longer presents an actual, ongoing case or controversy); Powers v. Odyssey Capital Grp. (In re Mesaba Aviation, Inc.), 418 B.R. 756, 762 (B.A.P. 8th Cir. 2009) (same).

Debtors' second request for relief is for attorney's fees and costs incurred in bringing their motion. The Court finds no basis for an award of attorney's fees and costs.

"When a bankruptcy petition is filed, an automatic stay prevents creditors from taking any collection actions against the debtor[s] or property of the debtors' estate for pre-petition debt." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577 (B.A.P. 1st Cir. 2012). "A debtor seeking damages under this section bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violations." Id. at 577–78 (citations omitted); see also In re Westman, 300 B.R. 338, 342 (Bankr. D. Minn. 2003) (citing Lovett v. Honeywell, Inc., 930 F.2d 625, 628 (8th Cir. 1991)) (reciting same).

Debtors here have failed their burden to prove even that a violation of the stay occurred. As noted, the "stay prevents creditors from taking any collection actions against the debtors or property of the debtors' estate for pre-petition debt." Slabicki, 466 B.R. at 577. Here, Debtor submits no proof that Kaler took any collection actions against them or the property of their bankruptcy estate for pre-petition debt. As Kaler points out, Debtors never listed an interest in a lease

5

in Texas in their own case. In the KGLP adversary case, they insisted the land was rented by KGLP to Louis Slominski. Trustee brought the action to evict Slominski and those, like the Grabanskis, that were allowed by Slominski to stay on the land. This is not, however, a "collection action against" the Grabanskis or their property for pre-petition debt. It is simply not proof of a violation of the stay.

Therefore, Debtors have not carried their burden of proving their request for damages, fees, and cost has any merit. Given those conclusions, Debtors' Motion for Relief and Sanctions Pursuant to 11 U.S.C. § 362(k) is MOOT, and is DENIED to the extent it seeks injunctive relief on their request for attorney's fees and costs.

The Court has considered all other arguments and deems them to be without merit.

**SO ORDERED.**

Dated this 19th day of April, 2013.

_____
**THAD COLLINS, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT
SITTING BY DESIGNATION**