UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                          Bankruptcy No. 10-30902

Thomas M. Grabanski and                              Chapter 11
Mari K. Grabanski,

                              Debtors.
_____/

**MEMORANDUM AND ORDER ON MOTION
FOR ORDER TO SHOW CAUSE AND FOR CONTEMPT**

John and Dawn Keeley, former partners with Debtors in at least two entities relevant to this Bankruptcy, have filed a Motion for Order to Show Cause and for Contempt. Their motion seeks an order requiring Debtors' counsel, attorney DeWayne Johnston, to show cause as to why he should not be found in contempt of court for willfully making multiple false disclosures to the Court regarding all compensation and reimbursement paid or promised to be paid in Debtors' case. Debtors filed an objection to the Keeleys' motion on March 16, 2012.

**I. FACTUAL BACKGROUND**

Debtors Thomas M. Grabanski and Mari K. Grabanski petitioned for relief under Chapter 11 of the Bankruptcy Code on July 22, 2010. Included with Debtors' petition was a Disclosure of Compensation of Attorney for Debtor(s). It indicated that attorney DeWayne Johnston received $15,000.00 from Debtors for legal services for his representation of Debtors in their bankruptcy proceeding.

Attorney Johnston's employment as Debtors' attorney was approved by the Court on August 30, 2010.

Attorney Johnston filed an Application for Interim Compensation on December 13, 2010. The application included fees and expenses incurred between August 17, 2010, and December 13, 2010. On January 27, 2011, the Court granted the Application for Interim Compensation and awarded reimbursement for fees and expenses totaling $34,013.76.[1]

On October 31, 2011, Choice Financial Group ("Choice"), a creditor of Debtors and possibly the Keeley's as well, filed a Motion for an Accounting Pursuant to 11 U.S.C. § 105. The motion sought an accounting for a checking account held in the name of G&K Farms. "G&K Farms" was a Grabanski and Keeley farm partnership.[2] The Court granted Choice's motion on November 4, 2011, and as a result, on November 14, 2011, Debtors filed an Accounting.

The Accounting indicated Debtor Thomas Grabanski, a partner of G&K Farms, remitted checks from G&K Farms' account to Attorney Johnston for legal

---

[1] Any reference to the Court prior to September 15, 2011, relates to proceedings overseen by the Honorable William A. Hill. The undersigned assumed duties in this case at that time.

[2] A full discussion of the facts of this case and the related KGLP case are discussed in ECF Docket No. 572 (Memorandum and Order dated April 12, 2013). That discussion provides full contest for this dispute.

2

fees on two separate occasions. The first check Grabanski wrote was for $150,000.00 on October 11, 2011. The second check he wrote was for $20,400.00 on October 27, 2011. Before filing the Accounting, Attorney Johnston had not disclosed to the Court that he received these funds—even though they were from entities that Debtors owned in whole or in part.

On December 2, 2011, United States Trustee Bruce J. Gering filed a Motion to Compel Attorney to File Disclosure of Compensation Paid or Promised. The motion urged the Court to enter an order requiring Attorney Johnston to file a disclosure of compensation paid or promised. It also requested that the Court require the disclosure to include dates paid, the source of the payment, and the disposition of the funds.

Debtors did not oppose Trustee Gering's motion and filed a Disclosure of Compensation of Attorney for Debtor on December 21, 2011. Debtors indicated the following:

> Further as requested by the United States Trustee, the following information is provided:
>
> Date of payment of compensation:   October 2011
> Amount paid:                       See attached [January 27, 2011] Order.
> Source of payment:                 G&K Farms
> Disposition of funds:              To Debtors' attorney.

3

Payment was received pursuant to the Order of the Court dated January 27, 2011 (Docket No. 210). No further compensation was received save for that disclosed when the petition for relief was filed. Funds for any further payment to Debtors' attorney are retained in the Johnston Law Office IOLTA pending Debtors' attorney's further application for compensation and reimbursement of expenses and Court approval thereof.[3]

On January 4, 2012, the Keeleys filed an additional Motion to Compel Attorney to File Disclosure of Compensation Paid or Promised. Their motion requested that the Court, under 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b), issue an order requiring Attorney Johnston to file a disclosure of **all** compensation and reimbursement paid or promised to be paid in this case. The Keeleys argued that Attorney Johnston's Disclosure of Compensation of Attorney, filed on December 21, 2011, was insufficient in detail and did not adequately account for **all** compensation paid or promised to be paid to Johnston.

Debtors objected to the Keeleys' motion on January 18, 2012. Debtors argued the Keeleys' motion should be denied and stated in response to their motion:

> No compensation, other than that compensation which has been authorized by the Court, has been paid to Attorney Johnston or the Johnston Law Office for work done in relation to this bankruptcy.[4]

---

[3] See Attachment to Disclosure of Compensation for Att'y for Debtor 1.

[4] See Debtors' Objection to Mot. to Compel Att'y to File Disclosure of Compensation Paid or Promised ¶ 5.

The Court held a hearing on the Keeleys' motion on January 25, 2012, and granted the motion. The Court ordered Attorney Johnston to file a Disclosure of Compensation Paid or Promised within fourteen days.

On February 9, 2012, Attorney Johnston filed a Supplement to Section 329(a) Disclosure pursuant to the Court's January 25, 2012 order. It stated in its entirety:

1. No further compensation has been received by the undersigned subsequent to that payment disclosed in the previously-filed Section 329(a) disclosure, to-wit: the only compensation received has been that allowed by Judge Hill in his January 27, 2011 Order.

2. No other compensation has been paid or promised.

On March 2, 2012, the Keeleys filed a Motion for Order to Show Cause and for Contempt. They supplemented their motion on January 14, 2013. The motion moves the Court for an order requiring Attorney Johnston to show cause as to why he should not be found in contempt of court for willfully making multiple false disclosures to the Court regarding all compensation and reimbursement paid or promised to be paid in Debtors' case. The Keeleys rely on the Court's authority under 11 U.S.C. § 329(a), Federal Rule of Bankruptcy Procedure 2016, and the Court's inherent authority to sanction misconduct.

The Keeleys argue Johnston has continued to fail to abide by the disclosure requirements of the Bankruptcy Code and failed to disclose another large payment made to the Johnston Law Office for legal fees. This additional payment came to the Keeleys' attention on February 13, 2012, when Debtors mailed discovery responses to them. Those responses showed that on November 8, 2010, Texas Family Farms remitted a check for $20,000.00 to the Johnston Law Office for legal fees. Debtors are principals—and apparently sole owners—of Texas Family Farms. Texas Family Farms was supposed to be the successor entity to G&K Farms, but both entities still appear to exist. Debtors' proposed Chapter 11 plan sought reorganization through income generated by farming under Texas Family Farms. Attorney Johnston had not previously disclosed to the Court that Texas Family Farms made this payment.

In total, the Keeleys allege that Attorney Johnston has received at least $205,400 from Debtors or partnerships that are entirely owned by Debtors and/or under Debtors' control. They argue this is particularly troublesome because Attorney Johnston has only disclosed receipt of the initial $15,000.00 paid. The remainder of the funds paid—$190,400—have been discovered by other interested parties and after filing motions to require further disclosure.

6

For relief, the Keeleys argue that the Court should order Attorney Johnston to immediately: (1) disclose all moneys, property, or other compensation received from Debtors or other persons or entities for services related to either their bankruptcy or any case or cause that would have an impact upon their bankruptcy, including legal services rendered to partnerships or entities involving Debtors; and (2) indicate the disposition of such funds.  The Keeleys also seek reasonable attorney's fees in raising these issues.

Debtors objected to the Keeleys' initial motion and to the Keeleys' supplement on January 16, 2013.  Debtors argue that the Keeleys' motion is baseless.  They reiterate that Attorney Johnston has been paid only what the Court has allowed and that he has not, and will not, receive additional reimbursement unless and until the Court approves it.  Additionally, Debtors assert that the $20,000.00 payment by Texas Family Farms was made by an entity not in bankruptcy.  They argue that a due and diligent search of Johnston Law Office's records indicates that none of that payment was received for work on Debtors' bankruptcy case or any other related bankruptcy case.

In support of Debtors' assertion, they offer a list of other proceedings in which Attorney Johnston has represented Debtors:

| | |
|---|---|
| AgCountry v. Grabanski, et al. | Walsh County, ND, District Court Case No. 50-09-C-262 |

7

| | |
|---|---|
| AgCountry v. Grabanski | Adversary No. 10-07031 |
| Colorado Farms v. Grabanski, et al. | Adversary No. 10-07023 |
| Colorado Farms v. Grabanski, et al. | Walsh County, ND, District Court Case No. 50-2011-CV-00153 |
| PHI v. Grabanski, et al. | ND U.S. District Court Case No. 2:10-cv-28 |
| PHI v. Grabanski | Adversary No. 10-07034 |
| CPS v. Grabanski | Adversary No. 10-07033 |
| Keeley v. Grabanski | Adversary No. 10-07035 |
| Kaler v. Grabanski, et al. | Adversary No. 11-07022 |
| Simplot v. Grabanski | Walsh County, ND, District Court Case No. 50-10-C-166[5] |

As a result, Debtors argue they have complied with all of the Court's orders regarding disclosure of compensation claimed and received in their case.

The Court held a hearing on the Keeleys' motion on January 9, 2013, and took the matter under advisement with several other matters, including Motions to Dismiss the case and Johnston's application for additional compensation in this case.

## II.  CONCLUSIONS OF LAW

An attorney representing a debtor "in a [bankruptcy] case . . . **or in connection with such a case**" must disclose compensation paid or agreed to be paid. 11 U.S.C. § 329(a) (emphasis added). The disclosure obligations under section 329 are interpreted broadly. See Brown v. Luker (In re Zepecki), 258 B.R.

---

[5] See Post-hearing brief 1–2.

719, 724 (B.A.P. 8th Cir. 2001). "The phrase 'in connection with the case' used in § 329(a) extends to services that will impact the bankruptcy case." In re Chatkhan, Bankr. No. 09-51286, 2012 WL 714251, at *4 (Bankr. E.D.N.Y. Mar. 5, 2012) (quoting Cohn v. U.S. Trustee (In re Ostas), 158 B.R. 312, 321 (N.D.N.Y. 1993)); see also In re Storey, Bankr. No. 08-00198, 2009 WL 2855819, at *2 (Bankr. D. Colo. June 29, 2009); In re Gage, 394 B.R. 184, 194 (Bankr. N.D. Ill. 2008).

The disclosure must also include the "services rendered or to be rendered in contemplation of or in connection with the [bankruptcy] case." 11 U.S.C. § 329(a). Disclosure of compensation is required regardless whether the compensation is coming from the debtor or some other source. In re Jeanes, Bankr. No. 01-00760, 2004 WL 1718093, at *3 (Bankr. N.D. Iowa June 17, 2004) (citing In re McDonald Bros. Constr., Inc., 114 B.R. 989, 995 (Bankr. N.D. Ill. 1990)).

Additionally, attorneys must supplement their initial disclosures when additional funds are received. See In re Harris Agency, LLC, 468 B.R. 702, 703 (Bankr. E.D. Pa. 2010) ("[T]he duty to disclose pursuant to Rule 2016 [is] a continuing one; if a debtor's attorney subsequently receives funds, he must supplement the prior disclosure." (citations omitted)). These disclosures "shall be

9

filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed." Fed. R. Bankr. P. 2016(b).

The Keeleys argue Attorney Johnston has failed to abide by the requirements of § 329(a) and Rule 2016. They assert he has not timely disclosed funds he received from Debtors or from entities involving Debtors on at least three separate occasions.

Debtors' and Johnston's responses to all these requests for disclosure has basically been that the compensation approved to date is all the compensation he has gotten on this case. He suggests that the other money coming to him—from entities related to or owned by the Grabanskis—are not relevant because those entities are not in bankruptcy. This response has left great confusion about where a significant sum of money has gone. The disclosure requirement is not limited to amounts the Court has approved. The law requires disclosure of sums paid to an attorney representing a debtor "in connection with" a bankruptcy case. 11 U.S.C. § 329(a). As noted above, this section is broadly interpreted in favor of disclosure.

The disclosures have not been made within the spirit of broad disclosure and transparency that § 329(a) requires. They have come only after prompting and have provided limited detail. The problem it causes here is simple. Debtors are involved with three bankruptcy cases in this Court and those cases have referenced

10

numerous other entities owned or held by Debtors, in whole or in part.  The relationships between those entities has never been made clear.  In particular, it has remained entirely unclear to this Court why entities owned in whole or in part by Debtors have not been treated as property of Debtors' estate—or administered accordingly.

The disclosures Attorney Johnston has made and his explanations for why he has not disclosed other payments are inadequate and do not meet the requirements of the Bankruptcy Code.  He has received payments "in connection" with Debtors' case and/or closely related entities and failed to disclose them.  The disclosures Debtors have made—after being directed to do so by the Court—have left open more questions than they have answered.

It is unclear to the Court at this time the overall amount Attorney Johnston has received in connection with Debtors' case.  The Court is also unaware of the current location of any remaining unearned compensation or the disposition of compensation that has been earned.  This is particularly troublesome to the Court.  Although Debtors provided a list of proceedings in which Attorney Johnston has represented them, such does not dispel the Court's concerns, particularly since over half of the proceedings listed are adversary proceedings which are "in connection with" and most certainly impact Debtors' bankruptcy case.  In short, the Court has

no idea whether Debtors contend the $190,400 of money identified is being held as a retainer for fees in this case has been "earned" from other work not related to this Bankruptcy, or is for another purpose entirely.

Therefore, the Keeleys' Motion for Order to Show Cause and for Contempt is GRANTED.  Attorney Johnston is ordered to disclose all compensation, including monetary funds, property or other compensation, received from Debtors or related entities, **including but not limited to** G&K Farms, Texas Family Farms, MTM Farms, Grabanski Grain, LLC, the Keeley and Grabanski Land Partnership and any other entity in which Debtors have an interest, if such receipt was made after one year before the date of filing.  The disclosure must include the date and amount of the payments and the payor of the compensation.  It must also specifically address whether the compensation has been earned.  If it has been earned, the disclosure must include the nature of the services provided and a description of the proceeding in which they were incurred, particularly in proceedings not held before this Court.  If the compensation is unearned, the remaining balance of the compensation and the location where the compensation is currently being held must be disclosed.

Sanctions will not be imposed at this time and the Keeleys' request for attorney's fees is DENIED, at this time. However, such application may be renewed after the full disclosure has been received.

The Court has considered all other arguments and deems them to be without merit.

**SO ORDERED.**

Dated this 19th day of April, 2013.

_____
**THAD COLLINS, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT
SITTING BY DESIGNATION**

13